# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,              :        Case No. 3:07-po-020

  -vs-                                       Chief Magistrate Judge Michael R. Merz

                            :

WALTER HENDERSON,

    Defendant.

## DECISION AND ORDER

This case is before the Court on Defendant's Motion to Suppress (Doc. No. 17).

Defendant is charged by Information with one count of driving under the influence of alcohol, one count of driving with a prohibited breath alcohol level, and one count of violating the rules for driving in marked lanes. Defendant seeks to suppress any tests of his coordination, sobriety, or alcohol level, and statements he made, and any observations of the police officer or officers who stopped him on six different grounds which are listed in the Motion.

Grounds 2, 3, 4, and 5 do not state claims cognizable on a motion to suppress under federal law. The remedy of suppression of evidence under federal law is available only for evidence which has been unconstitutionally obtained. Although it is customary to use a motion to suppress to litigate such grounds under Ohio law, federal procedural law governs this case. *Sibbach v. Wilson*, 312 U.S. 1, 14, 61 S. Ct. 422, 85 L. Ed. 479 (1940). Therefore the Motion is denied as to Grounds 2, 3, 4, and 5 without prejudice to any objections of similar purport which Defendant may raise at the appropriate time.

Grounds 1 and 6 on their face state constitutional claims which may be cognizable on a

motion to suppress.  However, the claims as made in the Motion are entirely too conclusory and they are not supported by a memorandum of law as required by S. D. Ohio Civ. R. 7.2.  What does Defendant allege happened with respect to the traffic stop?  On what authority does Defendant rely for the assertion that he had a Fifth or Sixth Amendment right which attached at the time of the traffic stop?  Etc.  To put the matter another way, a traffic defendant does not get an opportunity to conduct a discovery proceeding with arresting officers merely by filing a boilerplate motion to suppress.  Therefore the Motion to Suppress as to Grounds 1 and 6 is denied without prejudice to its renewal in appropriate form and accompanied by a memorandum of law.

November 8, 2007.

                                          s/ **Michael R. Merz**
                                      Chief United States Magistrate Judge